IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COLETTE L. BROWN                              :

                                                      :

    v.                                     : Civil Action No. DKC 2005-0730

                                                      :

MCKESSON BIOSERVICES CORP.                    :

                                                      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case are Defendant's motion for summary judgment (paper 47) and Defendant's motion to strike exhibits attached to Plaintiff's opposition (paper 51). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow Defendant's motion for summary judgment will be granted and its motion to strike will be denied as moot.

**I.  Background**[1]

Plaintiff Colette Brown was hired as a medical writer/editor by Defendant McKesson Bioservices Corporation in 2000. On February 13, 2003, Plaintiff filed a charge of discrimination ("Charge I") with the Maryland Commission on Human Relations ("MCHR"), alleging that she was discriminated against based on her race, African-American, and retaliated against for filing an "in-house complaint." On March 7, 2003, Plaintiff's employment was

---

[1] The background of this case is set forth in detail in the Memorandum Opinion of March 10, 2006 (paper 20). A brief summary of the facts, as they are relevant to Plaintiff's one remaining claim, will be included here.

terminated for continued insubordination.[2] (Paper 47, Ex. 3, Tatro Aff. ¶ 5; *id.* Ex. 4, Haywood Aff. ¶ 5; *id.* Ex. 2).

On October 16, 2003, Plaintiff sent a letter to MCHR indicating she wished to add a charge of retaliation to her complaint. After a series of communications, on October 1, 2004, Plaintiff was issued a second charge ("Charge II"), alleging retaliatory discharge.

On March 15, 2005, Plaintiff filed a complaint in this court on the basis of her two charges. Defendant filed a motion to dismiss, or in the alternative, for summary judgment. (Paper 11). This court granted in part Defendant's motion for summary judgment, leaving only one claim remaining. (Paper 21).

Plaintiff was allowed to proceed with the claim of retaliatory discharge that she raised in Charge II. (Paper 21, at 21). In Charge II, Plaintiff wrote:

> In March 2003, I was disciplined and discharged from my position of Medical Writer Editor which I believe to be in retaliation for filing a previous complaint of employment discrimination with the Maryland Commission on Human Relations, charge # 03030142. . . In March 2003, this employer informed me that I was suspended and discharged for insubordination.

(Paper 47, Ex. 2). Charge II specified that the retaliation took place on March 7, 2003 and was not a continuing action. (*Id.*).

---

[2] The Memorandum Opinion of March 10, 2006, incorrectly noted that Plaintiff was terminated on March 12, 2003. (Paper 21, at 4).

Defendant moved for summary judgment on this claim on November 27, 2006.  (Paper 47).  Defendant argues that Plaintiff cannot establish a *prima facie* case of retaliation because there is no causal link between the filing of Charge I and her termination. Defendant argues, in the alternative, that even if Plaintiff can establish a *prima facie* case of retaliation, she is unable to show that Defendant's legitimate, non-retaliatory reason for her termination is a mere pretext.  Defendant also moved to strike exhibits 2 and 3 to Plaintiff's opposition, arguing that the documents are unsworn and unauthenticated, and therefore do not meet the requirements of Fed.R.Civ.P. 56(e).  (Paper 51).  Exhibits 2 and 3 to Plaintiff's opposition are irrelevant to the motion for summary judgment and the court will not rely on them in deciding this motion.  Accordingly, Defendant's motion to strike will be denied as moot.

## II.  Standard of Review

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then

summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979).  The moving party bears the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial.  *See Anderson*, 477 U.S. at 256; *Celotex Corp.*, 477 U.S. at 324.  However, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d

4

529, 536 (4th Cir.), *cert. denied*, 522 U.S. 810 (1997).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

## III. Analysis

Plaintiff alleges that she was fired in retaliation for filing Charge I.  (Paper 47, Ex. 2).  Section 704(a) of Title VII prohibits an employer from taking an adverse employment action against any employee "because he has opposed any practice made an unlawful employment practice under this subchapter."  42 U.S.C. § 2000e-3(a).  Under the burden-shifting framework first formulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff bears the initial burden of establishing a *prima facie* case of retaliation.  *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 258 (4th Cir. 1998) (citing *McDonnell Douglas*, 411 U.S. at 802-04).  Once this burden is carried, the burden shifts to the defendant, who is obliged to articulate a legitimate, non-retaliatory justification for the adverse employment action.  *See id.*  If the defendant carries this burden, the onus is on the plaintiff to then demonstrate that the non-retaliatory reason advanced by the defendant is a mere pretext. *See id.; see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000).

In order to establish a *prima facie* case of retaliation, a plaintiff must prove three elements: (1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was a causal link between the two events. *Equal Employment Opportunity Comm'n v. Navy Fed. Credit Union*, 424 F.3d 397, 405-06 (4th Cir. 2005).

It is undisputed that Plaintiff engaged in protected activity when she filed Charge I and that her employer took an adverse action against her by terminating her employment.

Plaintiff cannot, however, establish the third element of the *prima facie* case. "To satisfy the third element, the employer must have taken the adverse employment action *because* the plaintiff engaged in a protected activity." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) (emphasis in original). "[B]y definition, an employer cannot take action because of a factor of which it is unaware, [thus] the employer's knowledge that the plaintiff engaged in a protected activity is *absolutely necessary* to establish the third element of the *prima facie* case." *Id.* (emphasis added).

It is undisputed that Plaintiff's employment was terminated on March 7, 2003. Plaintiff alleges that she was terminated in retaliation for filing Charge I. Although the charge was filed February 13, 2003, Defendant did not receive notice that Plaintiff filed Charge I until March 12, 2003, five days *after* it had

terminated Plaintiff. Defendant offered testimonial evidence that the individuals who made the decision to terminate Plaintiff, Alicia Tatro, Plaintiff's direct supervisor, and Brenda Haywood, director of human resources, were not aware of Plaintiff's charge of discrimination at the time they terminated Plaintiff's employment. (Paper 47, Ex. 3, Tatro Aff. ¶ 6; *id.* Ex. 4, Haywood Aff. ¶ 6). Furthermore, the letter sent by MCHR to Ms. Haywood, formally notifying her of Plaintiff's Charge I, was dated March 12, 2003. (Paper 47, Ex. 5). Plaintiff does not address, at all, Defendant's evidence that it had no knowledge that Plaintiff had filed Charge I at the time it terminated her employment.

Plaintiff argues that a causal link may be inferred by the temporal proximity between Plaintiff's filing Charge I and her termination. Temporal proximity is not enough by itself to establish causation. It must be coupled with an employer's knowledge of the protected activity. *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987). Although the court noted in the earlier memorandum that notice may be assumed when the protected activity is the filing of a formal complaint, that statement was in the context of determining whether the complaint stated a claim. Defendant has now offered evidence that it had no knowledge of Plaintiff's protected activity at the time of her termination and the documentary evidence shows that the formal notice was not even sent until after Plaintiff's termination. An employer's knowledge

of the protected conduct is "absolutely necessary" to show a causal link.  *Dowe*, 145 F.3d at 657.   Accordingly, Plaintiff cannot establish the necessary causal connection between her filing a complaint with MCHR and her termination.   It necessarily follows, therefore, that Plaintiff cannot establish a *prima facie* case of retaliation.

Because Plaintiff has failed to make out a *prima facie* case of retaliation, the court need not address whether Defendant's proffered legitimate, non-retaliatory reason for termination is a mere pretext.   Defendant's motion for summary judgment will be granted.

## IV.  Conclusion

For the foregoing reasons, Defendant's motion for summary judgment will be granted and its motion to strike will be denied as moot.   A separate Order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge
